UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD LEJEUNE, JR.                                                  CIVIL ACTION NO.

VERSUS                                                                 17-130-JJB-EWD

SANY AMERICA, INC.

### RULING AND ORDER ON EX PARTE MOTION TO INTERVENE

Before the Court is an Ex Parte Motion to Intervene (the "Motion to Intervene"),[1] filed by Louisiana Workers' Compensation Corporation ("LWCC"). LWCC seeks to intervene in this suit pursuant to Fed. R. Civ. P. 24(a). The deadline for filing an opposition to the Motion to Intervene has passed and no party has opposed the motion.

For the reasons set forth herein, LWCC's Motion to Intervene is **GRANTED**.[2]

### I. Background

On January 31, 2017, Plaintiff filed suit in state court against defendant, Sany America, Inc. ("Sany"). The Petition for Damages alleges that Plaintiff was employed for Deep South Crane Company as a crane oiler and rigger. On the date of the incident, Plaintiff states that he was working as part of a crew lifting and stacking crane counterweights when a construction defect in one of the cranes being used cause the lead of counterweights to "shift towards Petitioner, strike Petitioner in the face and head, and momentarily pin his head between the lead of counterweights

---

[1] R. Doc. 11.

[2] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, No. 2:12CV-0885-PM-KK, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also*, *Stephens v. State Farm and Cas. Co.*, Civ. Action No. 07-2433, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").

1

and the other stacked counterweights."³ Plaintiff alleges the crane at issue was manufactured by Sany.⁴ On March 8, 2017, Sany removed this suit on the basis of diversity jurisdiction.⁵

Per LWCC's proposed Complaint of Intervention, LWCC was the worker's compensation carrier for Deep South Crane and Rigging, LLC, Plaintiff's employer at the time of the accident.⁶ LWCC states that it "has paid medical, and indemnity benefits and related expenses for the injuries [Plaintiff] received in excess of Two Hundred Thirty-Two Thousand Seven Hundred Twenty-Three and 76/100 ($232,723.76) Dollars to and on behalf of plaintiff at the time of filing this intervention." LWCC asserts its right to reimbursement under La. R.S. 23:1021, *et seq.*, and seeks indemnification for all sums it has paid and will continue to pay from the date of the accident through the date of judgment.⁷

## II.    Law and Analysis

LWCC seeks to intervene in this suit under Fed. R. Civ. P. 24(a).⁸ That section provides that on "timely motion" the court must permit intervention by anyone who is either (1) given an unconditional right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing

---

³ R. Doc. 1-1, ¶ 6.

⁴ *Id.*, ¶ 5.

⁵ R. Doc. 1. Plaintiff alleges he is a Missouri citizen. R. Doc. 1-1, p. 1. Sany alleges that it is a corporation organized under the law of Delaware, with its principal place of business in Georgia. R. Doc. 1, ¶ 15. By its proposed Complaint of Intervention, LWCC alleges it is a Louisiana corporation, with its principal place of business in Baton Rouge, Louisiana. R. Doc. 11-1 at ¶1. LWCC seeks to intervene as a plaintiff in this action. R. Doc. 11-1, ¶ XII. Accordingly, LWCC's intervention in this suit will not destroy subject matter jurisdiction.

⁶ R. Doc. 11-2, p. 1.

⁷ *Id.*, p. 2.

⁸ R. Doc. 11-1, ¶ V.

2

parties adequately represent that interest." LWCC does not assert that a federal statute grants it an unconditional right to intervene; instead, it moves for intervention under Fed. R. Civ. P. 24(a)(2).[9]

### A. Timeliness of the Motion to Intervene

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-266 (5th Cir. 1977)).

---

[9] *Id.*, ¶ VI ("Intervenor, LWCC has an interest relating to property that is subject of the action filed by Plaintiff, Richard Lejeune, Jr., arising under La. Rev. Statute 23:1101 which addresses effect on the right to compensation payments under the statute. In that, any person having paid compensation under Title 23 of the act may bring suit against a third person to recover any amount paid or any amount that will be obligated to pay. La. Rev. Stat. 23:1101(B).").

3

Here, Plaintiff filed his initial suit on January 31, 2017.[10] The case was removed to this court on March 8, 2017.[11] LWCC first sought leave to intervene in this matter on May 4, 2017.[12] No party has asserted the Motion to Intervene is untimely. Most importantly, this suit is still in its early stages. A Scheduling Order was issued on May 3, 2017, however, the deadline for completion of fact discovery is not until March 15, 2018.[13] Further, the trial in this matter is not set until February 25, 2019. Under these circumstances, LWCC's Motion to Intervene is timely.

### B. Intervention of Right

Pursuant to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). As discussed above LWCC's Motion to Intervene is timely.

Pursuant to the Louisiana Workers' Compensation Act, "[i]f either the employee…or the employer or insurer bring suits against a third person…he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." La. R.S. §23:1102(A). "Although the statute provides that the other *may* intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), Louisiana jurisprudence holds that an employer's failure to intervene in a suit

---

[10] R. Doc. 1-1.

[11] R. Doc. 1.

[12] R. Doc. 11.

[13] R. Doc. 9. Although the deadline to exchange initial disclosures has passed, LWCC will exchange initial disclosures with the other parties to this suit no later than seven (7) days from the date of this Ruling and Order.

4

filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor." *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 649 So.2d 776, 782 (La. App. 1 Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So.2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid *must* intervene in the pending lawsuit….")) (emphasis in original). *See also*, *Senac v. Sandefer*, 418 So.2d 543, 545 n. 1 (La. 1982) ("The employer's compensation insurer failed to intervene in this action and is thus barred from claiming reimbursement of the benefits paid to the plaintiff."); *Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 883 (5th Cir. 1992) ("There is no doubt that, under Louisiana law, a compensation carrier or employer must generally be a party to the suit between a tortfeasor's carrier and tort plaintiff in order to collect reimbursement for workers' compensation from the successful tort plaintiff's judgment."); *Allstate Indem. Co. v. Knighten*, 705 So.2d 240, 242 (La. App. 2. Cir. 1997) ("While the statutory language is *permissive* regarding intervention by the party who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer must intervene in a third-party suit filed by the employee in order to assert its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights.") (emphasis in original).

In light of this jurisprudence, district courts in this circuit have found that workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right. *See*, *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 640 (W.D. La. Jan. 6, 2014) (dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance….Under Louisiana law, if [insurer] does not intervene in this

5

suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, No. 12-CV-000287, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.). Here, LWCC alleges that it has paid workers' compensation indemnity, medical and rehabilitation expenses under Louisiana workers' compensation laws to, and on behalf of, Plaintiff. Unless LWCC is allowed to intervene, it will lose its right to reimbursement. Accordingly, LWCC is an intervenor of right under Fed. R. Civ. P. 24(a)(2).[14]

### III. Conclusion

For the reasons set forth herein, Louisiana Workers' Compensation Corporation's Ex Parte Motion to Intervene [15] is **GRANTED**.

Accordingly,

**IT IS HEREBY ORDERED** that Louisiana Workers' Compensation Corporation's Complaint of Intervention[16] shall be filed into the record in this matter.

---

[14] No party contends, and the undersigned does not find, that LWCC's interests are adequately represented by either Plaintiff or Defendants in this suit. Like Plaintiff, LWCC has an interest in maximizing recovery against Defendants. *See*, *Dushane v. Gallagher Kaiser Corp.*, No. Civ. A. 05-0171, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word."). Here, LWCC specifically states that it intends to intervene as a plaintiff. R. Doc. 11-1, ¶ XII. However, the recovery sought by LWCC (reimbursement for past payments) is separate from Plaintiff's damage claim.

[15] R. Doc. 11.

[16] R. Doc. 11-1.

**IT IS FURTHER ORDERED** that Louisiana Workers' Compensation Corporation shall exchange initial disclosures with all parties with seven (7) days of the date of this Order.

Signed in Baton Rouge, Louisiana, on July 10, 2017.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**